UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAELA A. GREENE,

    Plaintiff,

v.                                        C.A. No. 10-246 ML

UNITED STATES OF AMERICA and
U.S. DEPARTMENT OF THE NAVY,

    Defendant.

MEMORANDUM AND ORDER

This case comes before the Court on Plaintiff, Michaela Greene's ("Greene"), Federal Tort Claims Act ("FTCA") claim against the United States ("Defendant"). Defendant now moves for dismissal under Fed. R. Civ. P. 12(b)(1) arguing that the Court lacks subject-matter jurisdiction over the action. In the alternative, Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(6) alleging that Greene has failed to state a claim upon which relief may be granted. For the reasons set forth below, Defendant's motion is granted, in part, and denied, in part.

**I. Facts**

On July 4, 2009, Greene attended a wedding event at the Newport Officers Club, located on the premises of the Newport Naval Base. Greene alleges that she was injured when she "tripped and fell . . . as a result of potholes in the pavement leading up to the entrance." Pl.'s Compl. ¶ 8. Greene initially filed a timely administrative claim with the Department of the Navy ("Navy") as required by 28 U.S.C. § 2401(b) (2006).

1

On August 5, 2009, the Navy informed Greene that her claim had not been properly presented because it was missing two pieces of information: (1) Greene's claim did not include a sum certain for damages; and (2) it lacked a written authorization giving Greene's attorney the power to sign on her behalf. Greene's attorney subsequently supplied the Navy with a letter on September 30, 2009, stating a sum certain in the amount of $35,000. Greene, however, never provided the Navy with the requested written attorney authorization. The Navy made a determination that Greene's alleged injuries did not result from negligence and sent her a final denial of her claim on March 2, 2010.

After the administrative denial, Greene filed a complaint in this Court pursuant to 28 U.S.C. § 2675 (2006). Greene alleges negligence, "physical nuisance" [sic], and breach of contract. Defendant now argues for dismissal of Greene's FTCA damages action. Defendant first argues, under Fed. R. Civ. P. 12(b)(1), that this Court lacks jurisdiction over the claims due to Greene's failure to provide the requested written authorization to the Navy. Defendant makes the additional argument that this Court lacks jurisdiction over the contract claim because the United States Court of Federal Claims ("Court of Claims") has exclusive jurisdiction over contract claims against the government in cases where the claim exceeds $10,000.

Defendant argues in the alternative, per Fed. R. Civ. P. 12(b)(6), that Greene has failed to state a claim upon which relief may be granted. Defendant states that Greene has not properly supported her physical nuisance claim and that Rhode Island's Recreational Use Statute ("RUS") immunizes Defendant from liability for negligence.

**II. Standard of Review**

A claim will be dismissed where a court lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). In considering such a defense, a court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. United States., 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001)). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (quoting Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993)).

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate where a plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss, "a complaint must establish a plausible entitlement to relief." Genzyme Corp. v. Fed. Ins. Co., 622 F.3d 62, 68 (1st Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)). This Court "must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007).

### III. Discussion

#### A. 12(b)(1): Motion to Dismiss for Lack of Subject-Matter Jurisdiction

i. Failure to Submit the Requested Authorization

A party who wishes to bring a damages action against the United States must first present the claim to the appropriate federal agency. See 28 U.S.C. § 2675. The majority of circuits apply the "minimal notice" standard and hold that a FTCA action has been properly presented when the agency is provided with "(1) sufficient information for the agency to investigate the

3

claims, and (2) the amount of damages sought." Santiago-Ramirez v. Sec'y of Dept. of Defense, 984 F.2d 16, 19 (1st Cir. 1993). The minority of circuits impose more burdensome jurisdictional prerequisites. See Kanar v. United States, 118 F.3d 527, 529 (7th Cir. 1997). In these circuits, a plaintiff's failure to comply with the precise requirements of 28 C.F.R. § 14.2 may bar a subsequent FTCA damages action.[1] Defendant relies on the minority rule and argues that Greene's failure to supply the requested attorney authorization renders her claim improperly presented, thereby depriving this Court of subject-matter jurisdiction over the action. The First Circuit, however, subscribes to the majority view.

In this case, Greene supplied the Navy with a sum certain for damages and a general notice of her negligence claim. Her compliance with the administrative procedures was sufficient to "allow[] the agency involved to receive [the] claim, investigate, and perhaps settle the dispute before a suit [was] filed." Santiago-Ramirez, 984 F.2d at 18. "Section 2675 requires that the potential plaintiff give notice to the government of the nature of the claim and the damages requested." Id. This notice-of-claim requirement is not interpreted woodenly. See Dynamic Images Tech., Inc. v. United States, 221 F.3d 34, 40 (1st Cir. 2000).

The FTCA is "intended to provide a framework conducive to the administrative settlement of claims, not to provide a basis for a regulatory checklist which, when not fully observed, permits the termination of claims regardless of their merits." Corte-Real v. United States, 949 F.2d 484, 486 (1st Cir. 1991) (quoting Erxleben v. United States, 668 F.2d 268, 273 (7th Cir. 1981)). Greene provided the Navy with sufficient notice of her claim. Accordingly,

---

[1] The regulations state that, for purposes of § 2675, a claim is deemed to be "presented" when it includes, among other things, "the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant." 28 C.F.R. § 14.2(a).

4

Defendant's motion to dismiss for lack of subject-matter jurisdiction is denied with respect to Greene's failure to submit the attorney authorization.

### ii. Applicability of the Tucker Act to the Contract Claim

"The FTCA does not apply to breach of contract claims." Fed. D. Ins. Corp. v. diStefano, 839 F.Supp 110, 122 (D.R.I. 1993) (citing Davis v. United States, 961 F.2d 53, 56 (5th Cir. 1991)). "Under the Tucker Act, 28 U.S.C. § 1491, the United States waived its sovereign immunity from nontort claims for money damages and specified which courts could hear such claims." Charles v. Rice, 28 F.3d 1312, 1321 (1st Cir. 1994). The Tucker Act provides that the Court of Claims shall have jurisdiction over claims involving an "express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). Federal district courts have concurrent jurisdiction with the Court of Claims for claims involving an "express or implied contract with the United States" where the claim does not exceed $10,000. 28 U.S.C. § 1346(a)(2). For her breach of contract claim, Greene has specified a sum certain in the amount of $35,000.

Greene's contract claim is not properly before this Court because the FTCA does not provide a remedy for breach of contract claims. Furthermore, a claim under the Tucker Act in excess of $10,000 is subject to the exclusive jurisdiction of the Court of Claims. For these reasons, Defendant's motion to dismiss the contract claim is granted.

### B. 12(b)(6): Failure to State a Claim

#### i. Physical Nuisance [sic]

This Court is aware of no law in Rhode Island recognizing the tort of "physical nuisance" [sic]. Count II alleges that Defendant "maintained a deceptively unsafe parking/sidewalk area" and that Greene's injury was the "direct and proximate result of the Defendants' negligence." Pl.'s Compl. ¶¶ 13-14. Greene has merely re-branded her negligence claim and has not stated a recognized claim for relief. In addition, she has not responded to Defendant's motion to dismiss by clarifying the nature of her claim. Because Greene has failed to state a recognized cause of action and because she has failed to support her claim by developing any argument giving rise to a plausible entitlement for relief, Count II is dismissed. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (finding that issues addressed in a perfunctory manner without developing an argument are deemed waived).

### ii. Recreational Use Statute

The FTCA provides that the United States, as to tort claims, "shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. In addition, the United States is "liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. 1346(b)(1). In this case, the incident took place on Navy property located within the State of Rhode Island. Thus, Rhode Island tort law governs Defendant's FTCA liability.

Defendant argues that Rhode Island's Recreational Use Statute ("RUS") immunizes it from liability. The RUS is designed to "encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability." R.I. Gen. Laws § 32-6-1. The statute provides that:

Except as specifically recognized by or provided in § 32-6-5, an owner of land who either directly or indirectly invites or permits *without charge* any person to use that property for recreational purposes does not thereby:

> (1) Extend any assurance that the premises are safe for any purpose;
>
> (2) Confer upon that person the legal status of an invitee or licensee to whom a duty of care is owed; nor
>
> (3) Assume responsibility for or incur liability for any injury to any person or property caused by an act or omission of that person.

R.I. Gen. Laws § 32-6-3 (emphasis added). A "charge" is the "admission price or fee asked in return for invitation or permission to enter or go upon the land." R.I. Gen. Laws § 32-6-2(1). Where there is no charge, the statute treats persons using such property as if they were trespassers. See Hanley v. State, 837 A.2d 707, 713 (R.I. 2003). Defendant moves to dismiss Greene's negligence claim on the basis that the RUS applies and that, as a trespasser, Greene was entitled to no duty of reasonable care.

In order to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In ruling on a 12(b)(6) motion to dismiss, a "district court must 'accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory.'" Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998)). "The moving party has the burden of proving that no claim exists." Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield, 552 F.3d 430, 434 (6th Cir. 2008).

Defendant argues that the RUS applies on the basis that the premises were open to the public and that the wedding reception was a recreational activity. There is no indication,

however, in either the complaint or the motion papers that the wedding reception was without charge. Based on this record, the Court must deny Defendant's motion to dismiss on this claim.

## IV. Conclusion

For the preceding reasons, Defendant's motion to dismiss is GRANTED with respect to the contract claim and physical nuisance claim. The motion to dismiss is DENIED as to the negligence claim.

SO ORDERED

*Mary M. Lisi*

Mary M. Lisi
United States District Judge
January 13, 2011